## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**TRISTAN GUNDERSON,**

        **Plaintiff,**

                                        **Civil Action 2:25-cv-301**
      **v.**                                 **District Judge Algenon L. Marbley**
                                        **Magistrate Judge Kimberly A. Jolson**

**HONORABLE JENIFER MURPHY**
**BURNAUGH, et al.,**

        **Defendants.**

## OPINION & ORDER

Defendant Amy Braddock's Motion to Stay Discovery (Doc. 27) is before the Court. The Motion is **GRANTED**. Discovery in this action is stayed pending the Court's ruling on Defendants' motions to dismiss.

## I.    BACKGROUND

Plaintiff, a Texas resident proceeding *pro se*, alleges that he was charged on January 27, 2025, with a traffic violation in the Morrow County, Ohio, Municipal Court. (*See* Doc. 1-1 (providing documents from this case)); *State of Ohio v. Tristan James Gunderson*, Case No. 2025TRD650 (Morrow Cnty. Mun. Ct. Jan. 27, 2025), *available through case search at https://www.morrowcountymunict.org/histdetail.php?key=whgNrY1HfDuDbbQ5yQWrklbzZvcw MxdV6MjxF7ZJkY1M* (last accessed May 20, 2025) (docket for Plaintiff's traffic case). Between March 3 and March 21, Plaintiff says the Morrow County Municipal Court issued several documents in his traffic case "that lacked the mandatory time of service required" by that court's local rules. (Doc. 8 at ¶ 8). Seemingly, Defendants Clerk of Court Sheri Clever, Clerk of Court Amy Braddock, Municipal Court Judge Jenifer Murphy Burnaugh, and Morrow County Prosecutor Andrew Wick also were involved with these filings. (*Id.* at ¶¶ 8–9). The "absence of

timestamps" on the court filings, according to Plaintiff, violates his constitutional right to procedural due process. (*Id.* at ¶¶ 13–14). He further says the lack of timestamps contravenes the Federal Rules of Civil Procedure and this District's Local Rules. (*Id.* at ¶¶ 17–18).

Plaintiff initiated this action on March 25, 2025, and weeks later, he amended his pleading. (Docs. 1, 8). He sues Defendants under 42 U.S.C. § 1983 for procedural due process violations based upon the timestamps. (*Id.* at ¶¶ 13–16, 19–22). Seemingly, Plaintiff also brings freestanding claims under Federal Rule of Civil Procedure 5 and Local Rule 5.1. (*Id.* at ¶¶ 17–18). As relief, Plaintiff seeks declaratory and injunctive relief, as well as monetary damages. (*Id.* at 10–11 (asking for $542,000,000 in total)).

After Plaintiff filed his Amended Complaint on April 18, 2025, Defendants moved to dismiss the case. (Docs. 13, 15, 19). Then, on May 12, 2025, Defendant Braddock filed a motion to stay discovery pending the Court's ruling on the dispositive motions. (Doc. 27). The matter is fully briefed and ripe for review. (Docs. 27, 33, 40).

## II.     STANDARD

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-CV-191, 2019 WL 2170681, at *2 (S.D. Ohio May 20, 2019) (quotation marks and citations omitted). As is the case here, parties often file motions to stay discovery while a motion to dismiss is pending. *See Shanks v. Honda of Am. Mfg.*, No. 2:08-CV-1059, 2009 WL 2132621, at *1 (S.D. Ohio July 10, 2009) (noting that, "[t]his Court has had many occasions, over the years, to address the question of whether a stay of discovery should be imposed during the pendency of a motion to dismiss"). Generally, courts are reluctant to stay discovery in such a situation. *Id.*; *see also Ohio Valley Bank*, 2019 WL 2170681, at *2 (noting that "the Court has frequently found that the fact that a party has

2

filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery" (quotation marks and citation omitted)).

However, in "special circumstances," a court may find a stay is appropriate. *Shanks*, 2009 WL 2132621, at *1. Most notably, a discovery stay may serve the interests of judicial economy where "the defendant has raised a defense, such as absolute or qualified immunity, which must, as a matter of law, be addressed before discovery proceeds" or where "it appears that the complaint will almost certainly be dismissed." *Id.* (citations omitted). Further, in considering a motion to stay discovery, "'a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery.'" *Ohio Valley Bank*, 2019 WL 2170681, at *2 (quoting *Bowens v. Columbus Metro. Library Bd. of Trustees*, No. 2:10-CV-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010)). At base, courts have "broad discretion . . . to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999).

## III.    DISCUSSION

Defendant Braddock argues a stay is warranted for two reasons. First, Defendants' pending dispositive motions are premised largely on immunity defenses. (Doc. 27 at 1). Second, Defendant Braddock asserts that Plaintiff's Amended Complaint fails to meet minimum pleading requirements and will surely be dismissed. (*Id.* at 4–5). For his part, Plaintiff contends that immunity should not block discovery, since he believes enough facts are in dispute to overcome qualified immunity. (Doc. 33 at 3–4). He also claims that "due process demands" that he be allowed to conduct discovery now. (*Id.* at 4). The Court disagrees and finds a stay is appropriate.

As noted, Defendants move to dismiss Plaintiff's case based upon Eleventh Amendment immunity, absolute judicial immunity, quasi-judicial immunity, and qualified immunity. (Doc. 15

at 7–8; Doc. 19 at 5–8). Notably, these immunities do not block only certain forms of relief; they afford Defendants immunity from suit entirely. *See, e.g.*, *Mandali v. Clark*, No. 2:13-cv-1210, 2014 WL 5089423, at *2 (S.D. Ohio Oct. 9, 2014) (saying qualified immunity is "an *immunity from suit* rather than a mere defense to liability" (emphasis in original)); *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (saying the same for judicial immunity); *Bush v. Rauch*, 38 F.3d 842, 849 (6th Cir. 1994) (affirming a district court's denial of discovery where the defendant was entitled to quasi-judicial immunity); *Reyst v. Lanis*, No. 06-15468, 2007 WL 1544394, at *2 (E.D. Mich. May 25, 2007) (staying discovery pending resolution of Eleventh Amendment immunity questions). This means that immunity is a threshold question that must be answered before the doors of discovery are unlocked. *Bradley v. Hallworth*, No. 1:09-cv-1070, 2010 WL 2231820, at *1 (W.D. Mich. June 1, 2010) ("A stay of discovery is properly granted until the issue of immunity is resolved." (citing *Siegert v. Gilley*, 500 U.S. 226, 231 (1991))); *In re Flint Water Cases*, 960 F.3d 820, 826 (6th Cir. 2020) (saying the court "must stay discovery" until immunity issues are resolved). Consequently, the Court finds that discovery should be stayed until Defendants' motions to dismiss are adjudicated.

Plaintiff's bare assertion that certain facts are in dispute does not change this outcome. He claims that Defendant Braddock's "refusal of lawful service, her delay in filing until after Plaintiff's filings were suppressed, and the irregular treatment of docketing procedures . . . must be resolved through discovery." (Doc. 33 at 4). Seemingly, Plaintiff is referring to the fact that he filed certain documents in-person in this case on May 9 that were not docketed until May 12. (*See* Doc. 38 (denying Plaintiff's motion related to these events for mootness)). Yet these events are not included in Plaintiff's Amended Complaint. (*See* Doc. 8); *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483–84 (6th Cir. 2020) ("Plaintiffs cannot . . . ask the court to consider new

allegations . . . not contained in the complaint."). The Court cannot ascertain why discovery on these events is needed to resolve whether Defendants are entitled to immunity for their actions in the traffic case. Rather, it seems that Plaintiff simply wants to conduct discovery to raise new claims. At bottom, this type of fishing expedition is barred by the Federal Rules of Civil Procedure. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."); *In re Flying J. Rebate Contract Litig.*, No. 14-2515, 2014 WL 3611299, at *1 (E.D. Ky. July 21, 2014) ("Because a plausible complaint is a condition precedent to discovery, the plaintiffs may not use the discovery process to construct an adequate complaint.").

Plaintiff's contention that the Fourteenth Amendment prohibits a stay fares no better. (Doc. 33 at 4). As stated, the Court has the "inherent power" and discretion to stay discovery pending a motion to dismiss. *Hahn*, 190 F.3d at 719. Plaintiff cites no case law supporting his argument that a stay pending resolution of the immunity issues would violate his constitutional rights. (Doc. 33 at 4).

What's more, Plaintiff does not explain why staying discovery would prejudice him. In fact, he offers no examples of what discovery is needed to support the allegations in his Amended Complaint. (*See id.* at 3–4 (discussing only actions that occurred after his lawsuit was filed)). Meanwhile, conducting discovery would prejudice Defendants. If forced to engage in discovery, Defendants would have to expend resources on litigation that may not proceed if the Court finds they are entitled to immunity. Therefore, the balance of hardships weighs decidedly in favor of staying discovery here. *See, e.g.*, *Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (saying district courts must "exercise its discretion so that [immune] officials are not subjected to unnecessary and burdensome discovery"). So, too, do the interests of judicial economy, since potentially all of

5

Plaintiff's claims are subject to immunity defenses. *Cf. Gilligan v. Hocking Cnty.*, No. 2:23-cv-625, 2024 WL 957751, at *3 (S.D. Ohio Mar. 6, 2024) (finding discovery could proceed on some claims, since immunity did not apply to those allegations).

Therefore, the Court **GRANTS** Defendant Braddock's Motion. (Doc. 27). All discovery in this action is **STAYED** pending the Court's rulings on Defendants' motions to dismiss.

## IV. CONCLUSION

For the foregoing reasons, Defendant Braddock's Motion to Stay Discovery (Doc. 27) is **GRANTED**. The Court **STAYS** all discovery in this action until the pending motions to dismiss are adjudicated.

IT IS SO ORDERED.


Date:   May 21, 2025                                /s/ Kimberly A. Jolson
                                                    KIMBERLY A. JOLSON
                                                    UNITED STATES MAGISTRATE JUDGE