# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **TRISTAN JAMES GUNDERSON,** : | |
| : | |
| **Plaintiff,** : | Case No. 2:25-cv-301 |
| : | |
| v. : | Judge Algenon L. Marbley |
| : | |
| **HON. JENIFER MURPHY BURNAUGH,** : | Magistrate Judge Kimberly A. Jolson |
| *et al.*, : | |
| : | |
| **Defendants.** : | |

## **OPINION & ORDER**

This matter comes before this Court on Motions to Dismiss *pro se* Plaintiff Tristan James Gunderson's Amended Complaint (ECF No. 8) filed by Defendants Sheri Clever and Andrew Wick (ECF No. 13), Judge Jenifer Murphy Burnaugh (ECF No. 15), and Amy Braddock (ECF No. 19). Upon review of these Motions, the Court ordered Gunderson to show cause why his Amended Complaint should not be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), and he timely responded. (ECF Nos. 79; 81). For the following reasons, Gunderson's Amended Complaint fails to allege an injury in fact as required to establish standing. No actual case or controversy exists, and this case is **DISMISSED** for lack of subject-matter jurisdiction.

## I. BACKGROUND

### A. Factual Background

Tristan James Gunderson is a Texas resident who filed suit in this Court on March 25, 2025, against individuals at the Morrow County Prosecutor's Office and the Morrow County Municipal Court. (ECF No. 1 at 1, 7). In his suit, Gunderson challenged the constitutional validity of "at least six court documents" issued by the Municipal Court between March 3 and March 21, 2025. (ECF Nos. 8 ¶ 8; *accord* 1 ¶¶ 7–8). These six documents consist of Judgment Entries and

Notices in the case *State v. Gunderson*, Case No. 2025-TRD-650 (Morrow Cnty. Municipal Ct.).[1] On the second page of each document, there is a "Proof of Service" stating that a copy of the respective document "was served on Joshua R. Pelfrey, Assistant Prosecutor . . . and by e-mail pursuant to Loc. R. II.G.5 to Tristan James Gunderson." (*E.g.*, ECF No. 1-1 at 1). This state case concerns a speeding ticket that Gunderson received on January 24, 2025. *See generally Gunderson*, Case No. 2025-TRD-650. He was charged $178.50 on January 27, 2025. *Id.*

The crux of Gunderson's suit is that the Morrow County Municipal Court issued defective documents that deprived him of adequate notice regarding court deadlines, along with the ability to confirm whether the Municipal Court's notice itself was timely. Because these documents "lacked the mandatory time of service required by [Morrow County Municipal Court] Local Rule II.A.8" and "omitted verifiable timestamps," Gunderson claims that he was unable to "confirm[] exact notice" such that his "ability to track deadlines" was impacted, he was "denied a clear and objective point from which to calculate responsive deadlines or verify timely notice," he was rendered unable "to respond meaningfully," and thus he was "deprived . . . of the ability to prepare responses or motions in a timely and effective manner." (ECF No. 8 ¶¶ 8, 10). Furthermore, Gunderson alleges that he raised this issue in the Municipal Court, yet the Morrow County prosecutors and judicial officers "fail[ed] to reject or correct these defective filings"; hence, they did not comply with either the Morrow County Municipal Court's Local Rules or the Federal Rules of Civil Procedure. (*Id.* ¶ 9).

---

[1] Case docket available at: https://www.morrowcountymunict.org/histdetail.php?key=dq5PdnDTmwVe6gajbsi4KUhX7XYLbN1GnRLzClScOUwR (last visited Dec. 24, 2025). Gunderson attached several filings from this case to his Complaint. (ECF Nos. 1-1; 1-2 at 1–4).

In his Amended Complaint, Gunderson sues Morrow County, County Prosecutor Andrew Wick, County Common Pleas Court Clerk Sheri Clever, County Municipal Court Clerk Amy Braddock, and County Municipal Court Judge Jenifer Murphy Burnaugh. (*Id.* ¶¶ 3–7). He brings four claims against these Defendants: (1) a 42 U.S.C. § 1983 claim against all Defendants for violation of procedural due process, claiming that he had been denied "adequate notice and a meaningful opportunity to be heard" and access to an impartial tribunal; (2) a *Monell* claim against Morrow County for municipal liability due to the County's failure to train and supervise its personnel, and its failure to maintain accurate service records; (3) a claim for a violation of Federal Rule of Civil Procedure 5 and Southern District of Ohio Local Rule 5.1 (presumably against all Defendants) due to the use of "procedurally defective Certificates of Service"; and (4) a claim for a pattern or practice of constitutional violations, also under 42 U.S.C. § 1983 and also against all Defendants. (*Id.* ¶¶ 13–22).

### A.  Procedural Background

After Gunderson filed his original Complaint, Defendants moved to dismiss under Rule 12(b)(6) for failure to state a claim. (*E.g.*, ECF Nos. 5 at 2–3; 7 at 2–4). Judge Burnaugh also argued that Gunderson failed to establish standing by showing an injury that was "fairly traceable" to her. (ECF No. 7 at 4). Gunderson then filed an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). (ECF No. 8).

Faced with the Amended Complaint, Defendants again moved to dismiss. (ECF Nos. 13; 15; 19). Judge Burnaugh again challenged Gunderson's standing to sue. (ECF No. 15 at 1, 3, 6–7). Shortly thereafter, Gunderson moved to dismiss Clever as a "misjoined party," (ECF No. 20), and moved to strike the Defendants' renewed motions to dismiss. (ECF Nos. 21; 22; 37). Gunderson acknowledged Judge Burnaugh's jurisdictional arguments but summarily dismissed

them, characterizing them as "both legally incorrect and strategically self-defeating." (ECF No. 22 at 14). He did not address standing specifically, but argued that "[e]ven minor violations of constitutional rights justify redress." (*Id.* at 9; *see id.* at 14–16).

On December 1, 2025, this Court ordered Gunderson to show cause why his Amended Complaint should not be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 79 at 1). Because Gunderson is a *pro se* litigant, and because he had failed to address standing even though Judge Burnaugh raised the issue in two separate motions to dismiss, this Court provided him with one final opportunity to address standing and subject-matter jurisdiction, warning him that the Court could dismiss his case for lack of subject-matter jurisdiction. (*See id.* at 2–3).

Gunderson provided a detailed response spanning over 100 pages, in which he argued that he has standing for several separate injuries: monetary loss, procedural due process violations, stigma-plus reputational harm, First Amendment retaliation, and obstruction of court access. (ECF No. 81 at 4, 6). But Gunderson's operative Amended Complaint only alleged procedural due process violations, and did not bring claims for monetary loss, reputational harm, retaliation, or obstruction. Therefore, this Court will consider whether Gunderson has sufficiently alleged an injury on the basis of the supposed procedural violations.

## II. STANDARD OF REVIEW

Standing is a threshold requirement for federal jurisdiction. Article III of the Constitution "limits the jurisdiction of federal courts to hear only actual cases and controversies." *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017) (citing U.S. Const. art. 3, § 2). The doctrine of standing aids courts in determining "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). The plaintiff bears

4

the burden of establishing standing. To do so, he must show: "(1) he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent rather than conjectural or hypothetical; (2) there is a causal connection between the injury and the defendant's alleged wrongdoing; and (3) that the injury can likely be redressed." *Lyshe*, 854 F.3d at 857 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). If a plaintiff lacks standing, Article III's case or controversy requirement is not met, and the federal court lacks jurisdiction.

A party may challenge standing by filing a motion to dismiss for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Additionally, courts may dismiss a complaint for lack of subject matter jurisdiction on their own initiative. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Where standing is in question, the facial "sufficiency of the pleading itself" is evaluated. *Oak Point Partners, LLC v. Blue Cross Blue Shield of Mich.*, 446 F. Supp. 3d 195, 198–99 (E.D. Mich. 2020). In such instances, the court takes the factual allegations in the complaint as true, and jurisdiction exists "[i]f those allegations establish federal claims." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).

### III. LAW & ANALYSIS

Defendants challenged Gunderson's Amended Complaint under Rule 12(b)(6), arguing that Gunderson failed to state a claim upon which relief can be granted. (ECF Nos. 13; 15; 19). Judge Burnaugh's motions to dismiss both the Amended Complaint and the original Complaint also explicitly challenged Gunderson's standing to bring this case.[2] (ECF Nos. 15 at 1, 3, 6–7; 7

---

[2] Judge Burnaugh's Rule 12(b)(6) motion is not the appropriate way to challenge standing because "standing is a jurisdictional issue appropriately addressed under [Rule] 12(b)(1)." *O'Bannon v. Marshall Ford, Inc.*, 2024 WL 4069514, at *2 (E.D. Ky. Sept. 5, 2024); *accord Lyshe*, 854 F.3d at 857. Still, this Court can "construe[] the challenge for lack of subject matter jurisdiction under Rule 12(b)(1), rather than Rule 12(b)(6)." *Attitude Wellness, LLC v. Village of Pinckney*, 606 F. Supp. 3d 624, 636 n.3 (E.D. Mich. 2022); *see also Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir. 2007) (Marbley, J., by designation) (courts can consider standing *sua sponte*).

5

at 1, 4). If Gunderson lacks standing, then this Court lacks subject matter jurisdiction to hear this case. Standing "is a threshold inquiry." *Brown v. Frantz*, 2010 WL 3910747, at *2 (S.D. Ohio Oct. 4, 2010) (Marbley, J.); *see Am. Telecom. Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). Thus, this Court must first consider whether Gunderson has standing before it can determine whether his Amended Complaint states a claim upon which relief can be granted.

To establish standing, Gunderson must show that: (1) he has suffered an injury in fact; (2) that injury was caused by Defendants' conduct; and (3) that this Court can redress the injury. *See Lyshe*, 854 F.3d at 857. Gunderson's Amended Complaint fails at the first step.

### A. No Injury in Fact

To sue in federal court, Gunderson must establish an injury in fact. An injury in fact is an injury that is "(a) concrete and particularized and (b) actual or imminent rather than conjectural or hypothetical." *Lyshe*, 854 F.3d at 857. Gunderson's allegations suffice to establish a particularized injury, because he alleges an injury impacting Gunderson "in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1. But he does not allege a concrete, *de facto*, or real injury. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016). Instead, he alleges a mere procedural violation which, even if accepted as true, would not lead to a concrete injury. Put simply, "[a] bare procedural violation, standing alone, is not sufficiently concrete to confer constitutional standing." *Merck v. Walmart, Inc.*, 114 F.4th 762, 774 (6th Cir. 2024). Violations of procedural requirements may result in no harm, and "not all inaccuracies cause harm or present any material risk of harm." *Spokeo*, 578 U.S. at 341–42.

Gunderson claims that he was "particularly harmed" by the Municipal Court's procedural failure to provide a time of service and a verifiable timestamp because he was "denied a clear and objective point from which to calculate responsive deadlines or verify timely notice," and therefore

he could not "respond meaningfully" or "prepare responses or motions." (ECF No. 8 at 3–4). Gunderson's allegations of harm flowing from his alleged procedural injury are quintessentially conclusory and abstract. His examples of the alleged procedural deficiency show that these communications from the Municipal Court provided continuances based on Gunderson's own "e-mail motion[s]," (ECF Nos. 1-1; 1-2 at 1–4), and Gunderson fails to allege any responsive deadline actually impacted, why or how such notices granting his requests for continuances could even be considered untimely, or how he was actually harmed.

Service by email is not inherently problematic. Indeed, federal courts may permit "service by email, particularly where the party to be served conducts its business on the Internet," and where a party "demonstrated that the email address in question was valid," or "emails [were] not returned as undeliverable." *FenF, LLC v. Ritacco*, 2016 WL 5235407, at *3 (E.D. Mich. Sept. 22, 2016) (collecting cases). Here, Gunderson does not suggest that he did not actually receive these emails, or that these emails were delayed. Instead, he takes issue with the fact that the Proofs of Service do not provide the time that the document was served. But the email itself provides a time from which Gunderson could calculate any related timeframes, to the extent that he actually needs to calculate a related timeframe. Not only does Gunderson not provide any particular filing that was actually impacted, but he has not provided any evidence that there would be a material risk of a filing being impacted. In fact, this Court does not see how there could be such a risk, and takes notice of the fact that Gunderson has provided this Court with the same email address that the Municipal Court sent the Proofs of Service. (*Compare* ECF No. 1 at 7 *with* ECF No. 1-1 at 2).

Given these apparent issues in Gunderson's Amended Complaint, the Court ordered Gunderson to show cause and clearly set forth why he has standing to sue. (ECF No. 79 at 3). In response, Gunderson suggests that all procedural due process injuries are themselves concrete

7

injuries.  (*See* ECF No. 81 at 8–11, 27–28, 35–44).  That argument fails in light of *Spokeo* and *Merck*—it is well-established that "merely stating a procedural injury is not enough" to confer standing.  *Rice v. Village of Johnstown*, 30 F.4th 584, 591 (6th Cir. 2022).  If the Municipal Court was required to provide a time and timestamp on its Proofs of Service, its procedural failure to do so does not necessarily create a concrete injury.  At worst, it appears that any harm that Gunderson could have suffered is "trivial," and he "has no 'concrete' interest in prevailing" here on any sort of procedural violation of the Morrow County Municipal Court Local Rules.  *Gubala v. Time Warner Cable, Inc.*, 846 F.3d 909, 911 (7th Cir. 2017).

Gunderson's argument that he needed a precise time of service to be able to respond meaningfully or prepare motions is undeveloped, conclusory, and insufficient to show a threatened, concrete interest that the Morrow County Municipal Court procedures were designed to protect.  Moreover, Gunderson's own evidence suggests that he was not actually harmed by the service of those Municipal Court documents.  In fact, "it is difficult to see" how the Municipal Court documents in question "did anything other than help" Gunderson, *Hagy v. Demers & Adams*, 882 F.3d 616, 622 (6th Cir. 2018), as the Municipal Court granted the continuances he requested.  Even assuming that the Municipal Court was required to provide a time and timestamp on its Proofs of Service, Gunderson does not allege or offer any evidence regarding a concrete injury following from this alleged violation, which is—based on how Gunderson describes it—a bare and technical one.  Allegations of a bare procedural violation, divorced from any concrete harm other than Gunderson's own conclusory assertions regarding his inability to respond timely and meaningfully, necessarily do not satisfy the injury-in-fact requirement of Article III.  In sum, his allegations of harm in the Amended Complaint fail to show a concrete, in-fact harm.

Last, Gunderson raises additional injuries for the first time in his response to this Court's Order to Show Cause. He argues that he has standing to sue on the basis of monetary injuries, stigma-plus reputational injury, retaliation, and obstruction of access to the courts, as well as deprivation of procedural due process for additional reasons, including on the basis of "Unauthorized Scheduling Changes and Suppression of Filings." (ECF No. 81 at 4, 6, 38, 88; *see id.* at 7–8, 11–35, 38–97).

Most of these injuries are not alleged or addressed in Gunderson's Amended Complaint, which remains his operative pleading. Only the argument regarding deprivation of procedural due process based on six defective court documents is provided by Gunderson in his Amended Complaint. (*See* ECF No. 8 ¶¶ 8, 10). This Court's Order to Show Cause specifically addressed the sufficiency of Gunderson's Amended Complaint but was not permission for Gunderson to expand his pleadings. Gunderson has already amended once as a matter of course pursuant to Rule 15(a) and he cannot do so again without the written consent of the Defendants or leave of this Court, which he has not sought or received. Fed. R. Civ. P. 15(a)(2). He has not moved this Court for permission to supplement his pleadings. Fed. R. Civ. P. 15(d). Therefore, to the extent Gunderson's response asserts injuries not already provided for in his Amended Complaint, such assertions are contrary to the rules of procedure and will not be considered.

Gunderson is also incorrect to the extent he asserts that this Court made a factual determination or a "judicial admission" that he "suffered a concrete monetary injury." (ECF No. 81 at 5, 7, 29–30, 54, 92). This Court never made such a determination. Gunderson never alleged a concrete monetary injury in either of his complaints, including the operative Amended Complaint. And this Court simply observed that Gunderson apparently was "*charged* $178.50 for speeding" based on the docket of his Morrow County case. (ECF No. 79 at 1) (emphasis added).

9

Now, Gunderson appears to represent that he *paid* this amount. (ECF No. 81 at 7). But this assertion is immaterial for the purpose of whether his Amended Complaint establishes standing.

This Court has determined that Gunderson "did not suffer a concrete injury in fact," and therefore "[it] need not determine whether he [has] satisfied the remaining standing elements: causation and redressability." *Merck v*, 114 F.4th at 773 n.2. Without a concrete injury in fact, Gunderson lacks standing, there is no Article III case or controversy, and this Court lacks subject-matter jurisdiction to hear Gunderson's claims. Absent jurisdiction, this Court need not reach Defendants' arguments that Gunderson has failed to state a claim. *Givens v. Vavra*, 2024 WL 1406129, at *2 (S.D. Ohio Mar. 28, 2024).

### B. Fees and Costs

Having concluded that Gunderson's lawsuit must be dismissed in its entirety, the Court turns to Defendants' requests for attorneys' fees and costs. Specifically, Wick and Clever requested "costs," (ECF No. 13 at 5), and Judge Burnaugh requested "reasonable attorney fees," (ECF No. 15 at 8). Braddock did not request either costs or fees. (*See* ECF No. 19 at 13).

This Court has discretion to award costs "to the prevailing party." Fed. R. Civ. P. 54(d)(1). By contrast, "[a] claim for attorney's fees . . . must be made by motion" and must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award," along with satisfying other procedural requirements. Fed. R. Civ. P. 54(d)(2). As a general matter, the American Rule does not allow the prevailing party to obtain attorneys' fees unless expressly provided by statute. *See Lackey v. Stinnie*, 604 U.S. 192, 199 (2025) (noting the American Rule and observing that courts have statutory discretion to award fees to the prevailing party in § 1983 actions); *McQueary v. Conway*, 614 F.3d 591, 596–97 (6th Cir. 2010) (same).

10

The Defendants requesting fees and costs do not provide legal arguments supporting their requests, and therefore, Wick and Clever's request for costs and Judge Burnaugh's request for attorneys' fees are denied without prejudice.

## IV.   CONCLUSION

Gunderson's allegations of procedural injury do not satisfy the injury in fact requirement necessary to establish standing to sue.  Accordingly, Gunderson's Amended Complaint is **DISMISSED** for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  Defendants' Motions to Dismiss for Failure to State a Claim are therefore **DENIED AS MOOT**.  To the extent that Defendant Judge Burnaugh seeks attorneys' fees and Defendants Wick and Clever seek costs, those requests are **DENIED WITHOUT PREJUDICE**.  (ECF Nos. 13; 15; 19).

Any Defendant may make a renewed motion for fees, costs, or both within **fourteen days** of the date of this Opinion & Order.  Any renewed motion made without legal argument will be denied with prejudice.  If such a motion is made, Gunderson shall have **twenty-one days** from the date of receipt of that motion to oppose it.  Any motion for fees or costs, and any opposition to such a motion, shall be no more than **ten pages in length**.

All remaining motions, (ECF Nos. 5; 6; 7; 11; 19; 20; 21; 22; 37; 42; 43), including Gunderson's outstanding motions for sanctions and for summary judgment, (ECF Nos. 42; 43), are hereby **DENIED AS MOOT**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:   January 15, 2026**

11